IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>DANIEL CARL ERNST,<br><br>        Defendant. | Case No. 10-cr-60109-AA-01<br><br>ORDER |

AIKEN, Chief Judge:

   On November 19, 2013, trial commenced in this criminal action.[1] After jury selection, defendant waived his right to a jury and agreed to trial by the court based on stipulated facts.

   Before accepting defendant's waiver, the court engaged in a

---

   [1]The rather long history of this case leading up to trial is well-documented in the record and will not be repeated here. See doc. 233.

1   - OPINION AND ORDER

colloquy with defendant to ensure that his decision to waive a jury trial was knowing and voluntary. <u>See</u> Transcript of Proceedings (Nov. 19, 2013) (doc. 232). Once the court was satisfied that defendant made the decision of his own volition, the court heard the facts to which the parties stipulated and found defendant guilty of Count 1. <u>See</u> doc. 229.

Defendant now moves for new trial, arguing that his decision to waive a jury was made under "duress," because the court would not allow a "true Sixth Amendment jury trial" and instead proceeded with a "Modernistic" jury. Def.'s Motion at 2. Essentially, defendant takes issue with the court's refusal to allow defendant to question the jury about the supremacy of federal law or to present arguments regarding jury nullification or the "excessive punishment" he faces. Def.'s Motion at 8. The government objects to the motion, arguing that defendant's motion is untimely and without merit. I agree.

First, defendant did not file his motion for new trial until February 18, 2014. However, aside from motions based on newly discovered evidence, a motion for new trial must be filed within fourteen days "after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Here, defendant did not file a motion for new trial until several weeks after the court's finding of guilty.

Second, defendant's arguments are meritless. Defendant was not entitled to question the jury as to the validity of federal law,

2   - OPINION AND ORDER

and he was not entitled to present arguments in favor of jury nullification. See United States v. Blixt, 548 F.3d 882, 890 (9th Cir. 2008) (district court properly instructed jury to disregard counsel's "blatant jury nullification arguments"); see also Manual of Model Criminal Jury Instructions § 1.1 (9th Cir. 2010 ed.) ("To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not."). Likewise, jurors are not allowed to consider punishment when determining a defendant's guilt. Manual of Model Criminal Jury Instructions § 7.4 (9th Cir. 2010 ed.) ("You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt."). Therefore, no basis for a new trial exists.

## CONCLUSION

Defendant's Motion for New Trial (doc. 240) is DENIED. Defendant's request for transcripts (doc. 242) is DENIED as moot. IT IS SO ORDERED.

Dated this 31st day of March, 2014.

_____
Ann Aiken
United States District Judge

3   - OPINION AND ORDER